Freeman, J.,
delivered the opinion of the Court.
The defendants presented a writ of error to re *280 verse the decree of tbe Chancellor, ordering a sale of the land in the pleadings mentioned. The ground assigned for reversal of the decree is that the heirs of one Johnson, who was trustee under the deed of trust made for the payment of certain debts, and who had died, were not parties to the decree. Il appears that these heirs acknowledged service of process, but no answer was filed for them, or order pro oonfesso taken against them, nor guardian ad litem appointed for a portion of them who were minors.
Neil and wife are the only parties having any real interest in this land; Mrs. Ross, the mother of Mrs. Neil, having died after the' rendition of the decree of sale, and a revivor having been had upon her death against Neil and wife, Mrs. Neil being her only heir at law.
The decree ordering the sale was made by consent — its language being, “and by the agreement of parties and their solicitors, it is agreed that the said sale be set aside, and that said lands so conveyed in said deeds of trust be again sold,” etc.
It is well settled that there lies no appeal or re-hearing from a decree by consent, and such decree can only be impeached by an original bill in the nature of a bill of review, when it has been obtained by fraud or imposition. This is the result of all the authorities on this question. See case of French et als. v. Shotwell, 5 Johns. Ch. R., 555, where the authorities are collected by Chancellor *281 Kent; also, Story Eq. Pl., § 426, note 1; 5 Col., 375, 376; and manuscript case at Nashville of-
Section 3107 of Code provides that “ a judgment by confession, or the suing out of an injunction against a judgment at law, is a release of errors;” and by sec. 2970 the words “judgment and decree” are declared to be interchangable in the Code, each embracing the final determination of a cause, whether at law or in equity.
We hold, therefore, that whatever errors there may be in the decree of sale complained of, the complainants in this writ of error have precluded themselves from any relief in this Court, either by appeal or ■ writ of error.
The decree being conclusive on the parties prosecuting this writ of error, however erroneous as to other parties, will not be set aside by this Court, because of errors as to such other parties, said parties not complaining of the same, but being, as far as we can see, content therewith: 3 Head, 378; Whitley v. Davis, 1 Swan, 333.
It appears in this case that Johnson was originally appointed trustee in the deed of trust made for the purpose of securing certain debts, and that he died before executing the trust. The County Court of Hardin county, upon motion alone, as far as appears in this record, appointed one McDougal trustee in his stead, and the déeree says, “he is hereby fully authorized to carry out the provisions of said deed of trust.”
*282 Ve can see nothing of these proceedings, if any were read, except the decrees, and if there was nothing but a motion made in County Court, it was not a case where, by the Code, an appointment of a new trustee on motion can be made: Secs. 8650, 8656.
Upon the death of trustees, it is provided that “a new trustee may always be appointed, on application by the beneficiaries by petition, making all necessary parties defendants,” and jurisdiction in the same chapter is given to Circuit, Chancery and County Courts to appoint trustees, and remove them for causes therein stated. In case of Wooldridge v. Planters Bank, 1 Sneed, a trustee had applied to the Chancery Court to be relieved of his trust, under act of 1831, c. 107, s. 1. His resignation was accepted, and another appointed “in room and stead of said "Walker resigned;” but there was no divestiture of the title of the real estate conveyed in the deeds of trust, or vesting it in the new trustee. Judge McKinney, in delivering the opinion of the Court, says: “What, then, became of the legal title to the trust property, upon resignation of the trustee? This is a question by no means free from difficulty. To hold that the title still remains in the trustee, after he is formally discharged of the trust, would seem absurd. Upon this construction of the act, the resignation of the trustee and appointment of another in his stead would be alike inoperative; because, while it -would fail to discharge the first trustee effectually from all but future lia *283 bility, it would leave bis successor destitute of tbe power of exercising legal control over tbe property for tbe want of tbe title.” “ To give tbe act any sensible construction or effect, it must be beld, therefore, that upon tbe discharge of tbe first trustee, by implication of law tbe title is transferred to and becomes vested in tbe successor appointed by tbe court, and for tbe same reason, a like construction and effect must be given to tbe decree of tbe Chancellor.”
This ■ reasoning, it would seem to us, would be much stronger in favor of tbe vesting* of tbe title in tbe new trustee, by implication of law, in case of tbe death of tbe trustee, where tbe sole purpose of tbe conveyance was, -not to vest a descendible and beneficial estate in tbe trustee, but only an estate, in order that be might execute a power of sale contained in tbe deed creating, tbe trust. It might well be beld, that tbe estate was in tbe trustee during bis life, and technically descended as a naked, dry legal title to bis heirs, on bis death, subject, however, to be divested by implication of law, and vested in a new trustee, when appointed; and that tbe only parties necessary in such proceeding to appoint a new trustee, were tbe maker of tbe deed and tbe beneficiaries in tbe deed, unless an account was sought of tbe personal representatives of tbe deceased trustee.
However, we need not definitely decide this question now, as tbe proceeding to appoint in this *284 ■case, was clearly void, being upon motion, and unauthorized.
We deem it proper to dismiss tbe writ of error, and remand tbe cause to tbe Chancery Court at Savannah, where proper steps may be taken to have answers, and guardian ad litem appointed as to heirs of Johnson, that the estate may, by proper decree be divested out of them, and vested in the purchaser, so as to perfect his title. See Daniel Oh. Pr., 197. We do this, because, as we have seen, no trustee was legally appointed by the County Court, and the heirs of Johnson were parties to the bill — only general parties, however, having no. real interest in the litigation — the rights of the parties having such interest being settled by - the consent decree.
The writ of error will be dismissed, the decree of the Chancellor ordering and confirming sale, will be affirmed, and the cause remanded for the purpose indicated in the above opinion.
The complainant Neil and the sureties on the bond for writ of error, will pay the costs of this Court.